## CAPOBIANCO v. RENMAR CORPORATION.
### No. 62-L-59.

Circuit Court, Palm Beach County.
October 19, 1962.

Gringle & Spinner, Delray Beach, for plaintiff.

Levy & Levy, West Palm Beach, for defendant.

JAMES R. KNOTT, Circuit Judge.

Plaintiff alleges in her amended complaint that she is a licensed real estate broker in the state of New York; that a New York institution offered for sale certain improved property located in Palm Beach County; that plaintiff "did expend her time, efforts and money in coming to the state of Florida, and interesting the defendant in the purchase of the aforesaid property," and was "instrumental" in effecting a certain offer by defendant and its acceptance by the owner of the property, by reason whereof defendant became liable to her for a commission under the terms of an agreement between her and the defendant set forth in a letter from the defendant.

In support of its motion to dismiss the amended complaint, defendant contends that plaintiff is required to be registered in Florida as a real estate broker or real estate salesman in order to maintain her suit. Plaintiff argues that defendant's letter offering a real estate commission to her on consummation of the deal was sent to and accepted by her in New York, and that this "caused the real estate commission contract to be created in New York," rendering it unnecessary for her to comply with Florida law regarding registration.

In defining those subject to the Real Estate License Law, § 475.01 (2), F.S., uses the following language —

> Every person who shall, in this state, for another, and for a compensation . . . or with an intent to collect or receive a compensation therefor . . . sell . . . buy . . . or offer, attempt or agree to . . . negotiate the sale, exchange, purchase or rental of any real property . . . or who shall direct or assist in the procuring of prospects, or the negotiation or closing of any transaction which does, or is calculated to, result in a sale . . . shall be deemed and held to be a "real estate broker" or a "real estate salesman" . . .

Section 475.41, F.S., provides —

> No contract for a commission or compensation for any act or service enumerated in subsection (2) of § 475.01 shall be valid unless the broker or salesman shall have complied with this chapter in regard to registration . . . at the time the act or service was performed.

Assuming, *arguendo*, that a real estate commission may be recoverable by a broker or salesman not licensed in Florida under certain circumstances, it is apparent that the letter containing the offer of a real estate commission by the defendant, while received in New York, was the fruition of plaintiff's efforts in expending "time, efforts and money in coming to the state of Florida and interesting the defendant in the purchase" of the property.

It thus appears that the validity of plaintiff's contract for a commission may be said to hinge upon whether her acts in attempting to negotiate the sale without complying with Florida registration requirements constituted a violation of the Florida Real Estate License Law. Since her own allegations show that such acts were performed in this state, it necessarily follows that she was subject to the plain provisions of the law requiring her to be registered in Florida in order for her contract to be valid and enforceable. Lacking compliance with the law, she is not entitled to maintain her present action. It is thereupon ordered and adjudged that the motion to dismiss plaintiff's amended complaint be and the same is hereby granted.